Filed 1/22/14  P. v. Adams CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063950 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD244072) |
| JEFFERY ADAMS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia Eyherabide, Judge.  Affirmed.

Sarita Ordóñez, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Respondent.

Jeffery Adams entered a guilty plea to one count of possessing a forged item (Pen. Code,[1] § 475, subd. (a)).  Prior to the entry of his guilty plea, Adams filed a motion to

---

1    All further statutory references are to the Penal Code unless otherwise specified.

suppress evidence under section 1538.5. Following a contested hearing the court denied the motion. Adams was granted probation subject to 421 days custody, with credit for 421 days served.

Adams filed a timely notice of appeal.

Counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) raising possible, but not arguable issues. We offered Adams the opportunity to file a brief on his own behalf, but he has not responded.

STATEMENT OF FACTS

Since this appeal arises from a guilty plea and the brief filed discusses only possible issues regarding the suppression motion, we will only summarize the facts raised at that motion.

On October 24, 2012, San Diego Police officers were patrolling in a high crime area at about 10:00 a.m. The officers observed a suspicious person climbing the stairs of a closed bar. Police stopped to investigate. They lost sight of the person who had attracted their attention.

On his way to the bar, one of the officers cut across a liquor store parking lot. In the process the officer observed an illegally parked car on University Avenue near the store. As the officer approached the car from the rear of the passenger side of the car, he observed the driver reach into a purple Crown Royal bag. The officer, fearing for his safety, took out his firearm and held it down by his right leg. There were three males in

2

the car. Adams was seated in the back seat. The officer also saw Adams reaching around the back seat area.

As the officers made verbal contact with the men in the car, police told them to quit reaching into the bag. The driver responded: "Whoa, whoa, whoa. It's just paper."

As officers approached the car they observed a stack of checks on the center console of the car, and a similar check in Adams's hand.

Police ordered the men out of the car and obtained one of the checks from Adams. A further pat down of one of the passengers and a search of the car produced a number of checks, syringes and a "check washing kit." Prior to the search, police confirmed that one of the men was a parolee at large, for whom a warrant had been issued and that he had a "Fourth Waiver."

Police were not able to locate the suspicious person who had originally attracted their attention.

## DISCUSSION

As we have previously noted, appellate counsel has filed a brief indicating she is unable to identify any argument for reversal and asks this court to review the record for error as mandated by *Wende, supra*, 25 Cal.3d 436. Pursuant to *Anders, supra*, 386 U.S. 738, the brief identifies the possible, but not arguable issues:

1. Whether the fact the officer approached the car with an unholstered gun constituted a detention of the men in the car?

2. Whether Adams was lawfully detained when he was ordered out of the car?

3. Was the check lawfully seized from Adams?

3

We have reviewed the entire record in accordance with *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738 and have not found any reasonably arguable appellate issues.  Competent counsel has represented Adams on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

BENKE, Acting P. J.

McDONALD, J.